UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN BETH MAGARGAL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Defendant. | Civil Action No. 07-3531 (JAP)<br><br>ORDER |

This matter has been opened to the Court upon Motion [Docket Entry No. 32] by Andrew Smith, Esq. ("Counsel") of the law firm of Smithbridge, LLP, attorney for Plaintiff, seeking an Order permitting him to withdraw as counsel for Plaintiff, Robin Magargal. Defendant has not filed any objection to the motion. Plaintiff has submitted a letter in opposition to Counsel's Motion to Withdraw [Docket Entry No. 33]. The Court has read all submission in support of, and in opposition to, Counsel's motion and considers same pursuant to FED. R. CIV. P. 78.

**I. Background and Procedural History**

Plaintiff initially filed her Complaint, *pro se,* in July 2007 [Docket Entry No. 1]. In May 2006, Plaintiff retained Stuart J. Alterman, Esq. who filed an Amended Complaint and Jury Demand. On November 25, 2008, this matter was stayed pending the outcome of arbitration [Docket Entry No. 17]. Plaintiff expressed dissatisfaction with the services provided by Mr. Alterman and other associates at his firm. She then retained Andrew Smith of Smithbridge, LLP, who entered his appearance in this matter on April 4, 2011 [Docket Entry No. 22].

Soon after, on May 2, 2011, Plaintiff wrote a letter to the Court indicating that she was

dissatisfied with Counsel. He responded to that letter on May 3, 2011 stating that there was nothing he could do with her case until the arbitration finished and stating that he thought she should find other representation [Docket Entry No. 23]. Counsel expressed to the Court that he was having difficulty communicating with his client and that he did not think he would be able to meet Plaintiff's expectations regarding this matter [Docket Entry No. 23]. Indeed, the record indicates that Counsel made efforts to contact Plaintiff in an effort to explain the stay in this matter pending the completion of arbitration. *See April 29, 2011 E-mail from Counsel to Plaintiff* [Docket Entry No. 23 at 3]. Despite this conflict, Counsel continued to represent Plaintiff.

Per a letter dated June 30, 2011, Counsel filed his application to vacate the stay on these proceedings due to the fact that a decision had been rendered in the arbitration on May 4, 2011. Although this letter was dated June 30, 2011, it was filed via ECF and docketed on July 18, 2011 [Docket Entry No. 24]. A conference call was held on August 18, 2011 which resulted in a Scheduling Order [Docket Entry No. 31][1].

On September 29, 2011, the Court received an e-mail from Plaintiff in which she again expressed her dissatisfaction with Counsel's representation and attentiveness to this matter. A history of e-mail correspondence between Counsel and Plaintiff was included in that e-mail. Counsel filed this Motion to Withdraw that same day. In his motion, Counsel cites to differing opinions in strategy and his inability to meet Plaintiff's expectations regarding this litigation. Counsel also indicates that his office has exchanged over 400 e-mails with Plaintiff "regarding

---

[1] The conference call was originally scheduled for August 4, 2011; however, Counsel was unable to participate due to technical difficulties. *See Docket Entry No. 26.*

guidelines, procedural issues, time lines, Court dates, past issues in the case and future scheduling events." *See Notice of Motion to Withdraw as Counsel* at 4. In addition, Counsel states that Plaintiff frequently contacted his office regarding the status of her case to the point where her communications and actions "have become oppressive" on him and his staff. *Id* at 5. Counsel certifies that he has suggested to Plaintiff that she retain new counsel; however, despite her dissatisfaction with his representation, she refuses to do so.

Plaintiff argues that allowing the withdrawal will hinder her financially as well as "cause further delay, rescheduling work between the parties and the Court, hardship on Plaintiff an other possibly irreparable damage." *See* Docket Entry No. 33 at *2. Additionally, Plaintiff believes that the alleged delay tactics instituted by Counsel and Defendants have resulted in the "loss of involved parties terminated and/or forced to 'retire'." *Id.* Plaintiff asserts that further delays as a result of allowing the withdraw could lead to "loss of more witnesses and testimony needed at trial. *Id.*

## II. Analysis

The Court recognizes that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court" (L.Civ.R. 102.1). Courts have full discretion over whether to permit an attorney's withdrawal. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). New Jersey Rule of Professional Conduct 1.16(b), in pertinent part, provides that ". . . a lawyer may withdraw from representing a client if (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given

reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; . . . or (7) other good cause for withdrawal exists" (RPC 1.16 (2009).  Before allowing withdrawal of counsel the Court must look to "a) the reasons why withdrawal is sought, b) the prejudice withdrawal may cause other litigants, c) the harm withdrawal might cause to the administration of justice, and d) the degree to which withdrawal will delay the resolution of the case." *United States ex rel. Cherry Hill Convalescent Ctr. v. Healthcare Rehab Sys.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

In this case, Counsel seeks to withdraw due to differing opinions between him and Plaintiff as to how this case should proceed and due to Counsel's belief that he cannot meet Plaintiff's expectations of her case.  Counsel also indicates that Plaintiff's frequent communications with the Court and with his firm have become "oppressive" to him and his staff. *See Notice of Motion to Withdraw as Counsel* at 5.

Defendants have not indicated any objection to the instant motion.  Therefore, the Court finds that allowing withdrawal would not cause undue prejudice to Defendants.  Further, the Court notes that, despite the age of the docket, this case is still in its relative infancy.  Thus, allowing withdrawal will not cause harm to the administration of justice and will not significantly delay the resolution of this matter.

The Court's main concern in the present situation is the effect that Counsel's withdrawal will have on Plaintiff's case.  As outlined in Plaintiff's Opposition to this motion, Plaintiff believes she will be prejudiced by the withdraw.  However, she also expresses extreme dissatisfaction with Counsel; an opinion which she brought to the attention of the Court even before the filing of his Motion to Withdraw.  The Court finds that allowing a withdraw will not

4

have a material adverse effect on the interests of Plaintiff.  As discussed above, this case is still in its infancy.  Plaintiff's rights will be protected and she will be afforded ample time to conduct discovery.

      Further, it is unclear what Plaintiff means when she argues that a delay as a result of this motion will result in the "insurmountable loss of involved parties terminated and/or forced to 'retire' (2010) affecting the ability to resolve this matter." [Docket Entry No. 33 at 2].  The employment status of potential witnesses will not affect their availability to be deposed, if appropriate.  Thus Plaintiff's case will not be adversely affected in this respect.

      It is evident that Plaintiff is not satisfied with her current representation.  She brought this to the attention of the Court even though Counsel had explained to Plaintiff that nothing could be done in this matter until the completion of the arbitration.  Counsel has attempted to provide Plaintiff with a realistic time line as to how this case will proceed; however, she is not satisfied.  In addition, Counsel has suggested to Plaintiff several times that she obtain new representation.  Plaintiff is understandably frustrated with the pace of this litigation and wishes to resolve this matter as expeditiously as possible.  The Court wishes to accommodate her needs and come to a fair resolution.  However, Plaintiff's eagerness to litigate this matter has placed extraordinary demands on Counsel's time.  Therefore, the appropriate resolution is to permit Counsel to withdraw.

      Plaintiff is free to retain new counsel.  In order to give her the opportunity to do so, discovery in this matter shall be stayed until further Order of the Court.  If she chooses not to retain new counsel, Plaintiff shall be deemed as proceeding *pro se*.  Plaintiff is advised that there is available a *pro se* handbook on the Court's website which she may use for guidance.  If

Plaintiff does retain new counsel, her new counsel shall make an appearance in this matter no later than **December 14, 2011.** Regardless of whether Plaintiff proceeds *pro se* or becomes represented, the parties shall confer and submit a new proposed schedule to the Court no later than **December 20, 2011.**

### III. Conclusion

For the reasons set forth above and for good cause shown,

IT IS on this 14th day of November, 2011

ORDERED that Andrew Smith's Motion to Withdraw as Counsel is GRANTED; and it is further

ORDERED that if Plaintiff does not retain counsel, that she will be deemed as proceeding *pro se*; and it is further

ORDERED that if Plaintiff does retain new counsel, her new counsel shall make an appearance no later than **December 14, 2011**; and it is further

ORDERED that the parties shall submit a new proposed schedule to the Court no later than **December 20, 2011**; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 32] accordingly.

    s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**