**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBIN MAGARGAL, | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | |
| v. | : | Civil Action No. 07-3531 (MAS) (TJB) |
|  | : | |
| STATE OF NEW JERSEY, | : | **MEMORANDUM OPINION** |
| DEPARTMENT OF MILITARY AND | : | |
| VETERANS AFFAIRS, | : | |
|  | : | |
| Defendant. | : | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant State of New Jersey, Department of Military and Veterans Affairs'[1] ("Defendant") Motion for Summary Judgment filed on September 21, 2012. (Def.'s Mot., ECF No. 57.) The motion seeks dismissal of Plaintiff's Complaint in full. On October 15, 2012, Plaintiff Robin Magargal ("Plaintiff") filed Opposition. (Pl.'s Opp'n, ECF No. 66.) Defendant filed a Reply on October 19, 2012. (ECF No. 68.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated below, and for other good cause shown, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

---

[1] The docket reflects that, in addition to the Department of Military and Veterans Affairs, the State of New Jersey is also named as a defendant. The parties, however, seemingly exclude the State of New Jersey from their filings. Therefore, and because it is irrelevant to the analysis, the Court will refer only to the Department of Military and Veterans Affair as a defendant.

## I.      Background

The pertinent facts required to resolve this case are undisputed and rather straightforward. Plaintiff was employed with the New Jersey Department of Military and Veterans Affairs as a Secretarial Assistant from 1998 until her termination on November 13, 2007. (Def.'s Mot. Ex. C.) Generally, Plaintiff alleges that beginning on or about February 24, 2006, Defendant committed numerous acts of discrimination and harassment, including sexual harassment, retaliation, and other similar acts. (Am. Compl. ¶¶ 8-9, ECF No. 10.)

On July 27, 2007, Plaintiff, initially appearing *pro se*, filed a one-page handwritten Complaint. (Compl., ECF No. 1.) In the Complaint under the heading "Jurisdiction," Plaintiff listed "ADA of 1990 Title I, 42 U.S.C. 12111, *et seq.*, [and] Title V, Section 503 of the Act, 42 U.S.C. 12203." (*Id.* ¶ 2.) In the next paragraph, under the heading "Cause of Action," Plaintiff alleged:

> The State of [New Jersey] through the Department of Military [and] Veterans
> Affairs and it's [sic] actors, perpetrated severe and long-term harassment against
> Plaintiff, and terminated Plaintiff's 25 year employment in violation of above
> jurisdictional citations.

(*Id.* ¶ 3.)

Subsequently, Plaintiff retained counsel who, on March 19, 2008, filed an Amended Complaint and Jury Demand on her behalf. (Am. Compl.) The Amended Complaint included the causes of action contained in the initial Complaint but added causes of action arising under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (*Id.* ¶¶ 1, 11.)

Prior to filing the initial Complaint with the Court, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The United State Department of Justice, Civil Rights Division ("DOJCRD") issued two "Notice of Right to

Sue" letters, dated April 18, 2007, permitting Plaintiff to proceed with a civil action within ninety (90) days.[2] (Def.'s Mot. Ex. TT.) The Parties disagree as to the exact date that Plaintiff received the letters and when the statue of limitations period commenced. They are in agreement, however, that the relevant period began on May 1, 2007, at the latest.[3] (Pl.'s Opp'n 5.)

## II.    Legal Standard

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits . . . or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should only be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

---

[2] Plaintiff disputes the exact amount, or composition, of the EEOC Notices she received. (Pl.'s Opp'n at 6.) Nevertheless, the record indicates that she received two Notice of Right to Sue letters, dated April 18, 2007. One letter permits Plaintiff to initiate a civil action under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"). (Pl.'s Opp'n to Summ. J. Ex. K, ECF No. 66.) The second letter permits her to do the same under Title VII. (Pl.'s Opp'n to Mot. to Dismiss Ex. A, ECF No. 44.) Additionally, each letter contains Plaintiff's handwritten annotation "received (Tuesday), May 1, 2007."

[3] *See* n. 1, *supra*.

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48.

## III.   Analysis

### A.   Section 1983 Claim

In its motion for summary judgment, Defendant moves to dismiss Plaintiff's § 1983 claim because Defendant is not a "person" for purposes of liability. Section 1983 provides a cause of action against "every person" who deprives another of any rights, privileges or immunities secured by the Constitution. In general, a State or its agencies are not "person[s]" against whom a § 1983 claim can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989)). Additionally, it is undisputed that defendant is a governmental entity. Hence, Plaintiff does not present a valid claim against Defendant. Accordingly, Plaintiff's § 1983 Claim is DISMISSED with prejudice.

### B.   Claims Under Titles I and V of the ADA

Defendant moves for summary judgment dismissing Plaintiff's ADA claims on several grounds. First, Defendant argues that any cause of action under either Title I or Title V must be dismissed on the grounds of Eleventh Amendment sovereign immunity. (Def.'s Mot. 7.) Second, it argues that Plaintiff's claims are barred because Plaintiff failed to timely file her claims. (*Id.* 8.) Finally, it argues that Plaintiff's claim under Title V must be dismissed because Plaintiff does not or cannot make out a *prima facie* case or establish a pretext. (*Id.* 14.)

The Supreme Court held in *Board of Trustees of the University of Alabama v. Garrett* that states enjoy Eleventh Amendment immunity from suits brought in federal court by private

individuals seeking damages under Title I of the ADA. 531 U.S. 356, 360 (2001). Plaintiff's Title I claim, therefore, is barred.

The Third Circuit has not yet addressed whether the Eleventh Amendment bars retaliation under Title V. Nevertheless, at least two courts in this district have noted that claims under Title V of the ADA against the State of New Jersey are barred by the Eleventh Amendment. *Foster v. N. J. Dept. of Transp.*, No. 04-101 (MLC), 2005 WL 3542462, at *5 n.7 (D.N.J. Dec. 27, 2005) (collecting cases), *aff'd on other grounds*, 255 F. App'x 670 (3d Cir. 2007); *Hughes v. New Jersey*, No. 11-1442, 2012 U.S. Dist. LEXIS 30607, at *10-11 (D.N.J. March 7, 2012). The Court adopts the reasoning of *Foster* and *Hughes* and accordingly declines to find that Congress abrogated sovereign immunity under Title V. The Court will not address Defendant's remaining arguments because both of Plaintiff's claims under the ADA are barred by the Eleventh Amendment and must therefore be DISMISSED with prejudice.

## C.    Claim Under Title VII

Private actions brought under Title VII must be brought within ninety (90) days after receiving notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Accordingly, claims arising under Title VII filed more than ninety (90) days after receipt of a Right to Sue letter are time-barred. The Third Circuit has "strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

Defendant contends that even if Plaintiff's initial Complaint was filed within the statutory period, as Plaintiff asserts, Plaintiff's Title VII claim is, nevertheless, time-barred. (Def.'s Mot. 9-10.) This is so because 1) the initial Complaint did not contain any reference to Title VII or assert claims thereunder, and 2) the length of time it took for Plaintiff to file her Title VII claim

must be measured with reference to the Amended Complaint, which was filed 324 days after receipt of the Right to Sue letter. (*Id.*) The Court agrees.

Indeed, the Third Circuit recently addressed precisely this matter in *Thompson v. Brandywine Sch. Dist.*, 478 F. App'x 718 (3d Cir. 2012). In *Thompson*, a *pro se* plaintiff initially filed a timely complaint that only alleged Title VII violations based on religion and national origin, although when filing with the EEOC the plaintiff alleged discrimination based on race. *Id.* at 719. Subsequently, and two years after receiving notice of a Right to Sue letter from the EEOC, the plaintiff filed an amended complaint alleging he had been discriminated against based on his race. *Id.* The district court concluded that the Title VII claim based on race was time-barred and granted summary judgment. *Id.* The Third Circuit affirmed and noted that there was no indication that any basis existed for tolling the limitations period. *Id.* at 720. Importantly, the *Thompson* Court did not find that the plaintiff's earlier filing of the initial complaint featuring the Title VII violation based on religion and national origin tolled the period during which the plaintiff could file his race-based claim. *Id.* at 720. Stated differently, a party must file Title VII claims tied to a notice of a Right to Sue letter within ninety (90) days of receipt; the filing of related Title VII claims neither extends nor tolls that period.

Here, Plaintiff did not plead her Title VII claim within ninety (90) days of receipt of her Notice of Right to Sue letter. The fact that her initial complaint contained factually related Title I and Title V ADA claims does not cure that deficiency. The fact that Plaintiff is *pro se* does not change that conclusion either. *See Thompson*, 478 F. App'x at 718. As such, Plaintiff's Title VII claim is DISMISSED with prejudice.

## IV.   Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice. An Order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2013